# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE BRONSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>GALLARDO, et al.,<br><br>        Defendants. | 1:12cv00113 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(Document 16) |

Plaintiff Duane Bronson ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action filed on March 12, 2012. At the time of the events at issue, Plaintiff was incarcerated at Wasco State Prison. It appears from a February 16, 2012, notice of change of address that Plaintiff has been released.

On February 12, 2013, the Court issued a screening order finding a cognizable Eighth Amendment claim against Defendants Gallardo and Diaz.

On July 17, 2013, Defendants Gallardo and Diaz filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Although Plaintiff was served with the motion, he did not file an opposition. Defendants filed the Declaration of David C. Goodwin in lieu of a reply on October 31, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

1

## I. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## II. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff is no longer incarcerated.  The events occurred while Plaintiff was incarcerated at Wasco State Prison.

Plaintiff alleges that on September 18, 2011, he was seated at a table with three other inmates eating breakfast.  An inmate seated at another table arose and screamed, "Who's throwing something?"  Comp. 4.  Neither Plaintiff nor anyone at his table responded.  The inmate then threatened to kick other inmates as he advanced towards Plaintiff's table.  The inmate kept advancing and was holding what appeared to be a sharp pointed spoon and cup in his hands.  Fearing for his life, Plaintiff arose from the table and shoved the inmate away from him.

Afterwards, Plaintiff walked away from the inmate to take a seat on a bench located in the dayroom, a few feet away from the open dining area.  However, before Plaintiff could sit down on the bench "in surrender," Defendant Gallardo and Defendant Diaz[1] sprayed pepper spray all over Plaintiff and he could not see.  Defendant Gallardo then yelled, "Get down on the ground and put your hands behind your back!" Compl. 5.  Plaintiff promptly complied with his order, but then, for no reason, Defendant Gallardo and Diaz[2] pepper sprayed Plaintiff again and handcuffed him.

Plaintiff next alleges, "Then Defendant twice kicked me in the head and face with his booted foot…" Compl. 5.  Plaintiff suffered cuts on the left side of his face that required stitches, a "brushed jaw and right ear drum along with permanent hearing loss in that ear." Compl. 5.

Plaintiff was treated at an outside hospital and then transferred back and forth to Salinas Valley Hospital for treatment over the next few days.

Plaintiff states that he filed an administrative grievance against Defendant Gallardo alleging the unnecessary use of force.  The administrative grievance attached to the complaint states that Plaintiff was "assaulted by Officer Gallardo and Diaz."

### III. DISCUSSION

A. Prior Screening Order

On February 12, 2012, this Court issued an order indicating that it had screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated an Eighth Amendment claim against Defendants Diaz and Gallardo.  While the order finding a cognizable

---

[1] In the text of the complaint, Plaintiff states that Defendant Gallardo pepper sprayed him.  He then inserts a star symbol, directing the reader to the corresponding footnote.  The footnote adds Defendant Diaz to the sentence, so that the allegation relating to the initial pepper spraying is against both Defendant Gallardo *and* Defendant Diaz.

[2] Plaintiff again only references Defendant Gallardo in the text, but inserts the star symbol adding Defendant Diaz to the sentence.  Accordingly, the allegation that Plaintiff was pepper sprayed while complying with Defendant Gallardo's orders is against both Defendant Gallardo and Diaz.

claim did not include a full analysis,[3] the Court conducted the same examination as it does in all screening orders.  In other words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion.  In bringing this motion, Defendants wholly fail to acknowledge the Court's prior finding.  28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A screening order may not ignored or disregarded.  Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005).  To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine.  As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim.  Ingle, 408 F.3d at 594; Thomas v. Hickman, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. Ingle, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000).  Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders. Ingle, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); Thomas, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

---

[3] Generally, the Court provides a fully reasoned analysis only where it must explain why the complaint *does not* state at least one claim.  In cases where the complaint states only cognizable claims against all named defendants, the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

Chavez v. Yates, No. 1:09-cv-01080-AWI-SKO (PC) (E.D.Cal. Oct. 3, 2013) (ECF No. 41).

B.  Analysis

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendants now move to dismiss the complaint based mainly upon their disagreement with the Court's interpretation of Plaintiff's allegations.

At this stage of the proceeding, Defendants' arguments are not persuasive and do not merit departure from the Court's findings in the February 12, 2013, screening order.

1.  *Pepper Spraying(s)*

Defendants first argue that Plaintiff's complaint should be dismissed because, by Plaintiff's own allegations, the show of force was used to quell a fight between Plaintiff and another inmate with a weapon. As the force was not used for the purpose of causing harm, Defendants contend that the complaint fails to state a claim in this regard.

While Defendants have put forth a correct statement of law, they have interpreted the facts in their favor, in direct contravention to the standards on screening and in deciding a 12(b)(6) motion. Defendants are correct that the alleged use of force happened after an incident between Plaintiff and another inmate. However, viewing Plaintiff's allegations in a light most favorable to him, he alleges that Defendants first pepper sprayed sometime *after he had walked away from* the incident. Defendants pepper sprayed him a second time *after he had complied with* Defendant Gallardo's orders to get down. Under these facts and at this stage of the proceedings, the Court cannot unilaterally accept Defendants' version of events. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor). Simply put, Plaintiff has put forth allegations to state a plausible claim for relief and Defendants' arguments are beyond the scope of a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

      2.    *Physical Assault*

Finally, Defendants argue that Plaintiff has failed to clearly allege which Defendant kicked him in the face.  Defendants believe that Plaintiff has admitted that he did not see who kicked him, and that this ambiguity cannot be cured by amendment.

Admittedly, Plaintiff's complaint could certainly be more precise in his allegations.  However, Plaintiff could not be clearer in his allegation that he was kicked twice in the head after he was handcuffed.  Defendants are correct that Plaintiff states that "Defendant" kicked him in the head in his complaint.  However, in the appeal that Plaintiff references in his complaint, he states that he was assaulted by both Defendant Diaz and Defendant Gallardo, as well as another inmate.  Plaintiff also attaches a declaration from an inmate stating that he saw "Bronson being abused by C.O.'s.  Kicked in the face and everything else."

Again, the Ninth Circuit's direction to this Court, as explained most recently in Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) is as follows:

> "We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir.2011) (internal quotation marks omitted).  Iqbal did not alter the rule that, "where the petitioner is pro se, particularly in civil rights cases, [courts should] construe the pleadings liberally and ... afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.2010) (internal quotation marks omitted).

Given this standard and the clarifying statements in Plaintiff's exhibits, Plaintiff has stated a plausible claim for relief.  Contrary to Defendants suggestion, Plaintiff has set forth facts stating his allegation that Defendants Gallardo and Diaz kicked him.  Mot. 3.

Moreover, this is not an instance where Plaintiff's allegations fail to give Defendants "fair notice" of the claims against them, which would be a violation of Rule 8.  Plaintiff's Eighth Amendment claim involves (1) a single incident, which was likely only minutes in length; and

(2) only two Defendants.  Plaintiff's allegations are sufficient to meet his burden under both Rule 8 and the screening requirements as set forth by the Ninth Circuit.

Insofar as Defendants point to the statement in the staff response to Plaintiff's appeal that he could not see who kicked him, this is ultimately a factual issue.  Plaintiff is alleging that he was kicked by Defendants Gallardo and Diaz, and while he states that he was blinded by the pepper spray, it is not for this Court to conclude, at this stage, that a statement in an appeal response renders his allegations implausible.

## IV.     FINDINGS AND RECOMMENDATIONS

Based on the above, the Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss for failure to state a claim, filed on July 15, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may file a reply to the objections within fourteen (14) days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 21, 2013**                     /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE