# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE EDWARD BRONSON,<br><br>              Plaintiff,<br><br>   vs.<br><br>GALLARDO, et al.,<br><br>             Defendants. | 1:12cv00113 AWI DLB PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL AND<br>IMPOSING SANCTIONS<br>(Document 26)<br><br>ORDER EXTENDING DEADLINES |

     Plaintiff Duane Edward Bronson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action. The action is proceeding on an Eighth Amendment claim against Defendants Gallardo and Diaz.

     On February 11, 2014, the Court issued a Discovery and Scheduling Order requiring the parties to exchange initial disclosures by March 28, 2014. The order also set the discovery cut-off as July 11, 2014, and the deadline to file dispositive motions as September 9, 2014.

     On March 27, 2014, Defendants filed a statement of compliance with the initial disclosure requirement.

On May 19, 2014, Defendants filed a motion to compel Plaintiff to provide his initial disclosures. Defendants also request the imposition of sanctions. Plaintiff did not file an opposition and the motion is deemed suitable for decision.[1]

## **DISCUSSION**

Federal Rule of Civil Procedure 37(a)(1), "On notice to other parties and all affected persons, a party may move for an order compelling disclosure. . . [T]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make disclosure . . . in an effort to obtain it without court action."

According to the declaration of David Goodwin, counsel for Defendants, he served Plaintiff with initial disclosures on March 27, 2014. The next day, on March 28, 2014, he received a copy of the form Defendants filed with the Court declining Magistrate Judge jurisdiction. A handwritten note was attached to the form setting forth a new address for Plaintiff located in Twentynine Palms, California.[2] Goodwin Decl. ¶¶ 2-3. Mr. Goodwin served a second courtesy copy of Defendants' initial disclosures at Plaintiff's Twentynine Palms address. Goodwin Decl. ¶ 4.

On May 1, 2014, Mr. Goodwin sent Plaintiff a letter at both addresses to remind him of his obligation to serve his initial disclosures. Mr. Goodwin requested that Plaintiff serve the disclosures within two weeks, and warned Plaintiff that if he did not do so, he would file a motion to compel and seek sanctions. Goodwin Decl. ¶ 5. To date, Mr. Goodwin has not received disclosures or any other communication from Plaintiff. Goodwin Decl. ¶ 6.

Plaintiff has failed to oppose this motion. Despite a reminder, additional time and a warning of the consequences from Defendants, Plaintiff has not served his initial disclosures or communicated with Defendants in any way. Accordingly, the motion to compel is GRANTED.

---

[1] The Court notes that Plaintiff has not communicated with the Court since March 6, 2013.

[2] Plaintiff's address of record with the Court is 285 Clarement Ave., Sanger, CA 93657. He has not filed a notice of change of address. Local Rule 183(b).

2

Defendants also request sanctions in the amount of $807.50.  Pursuant to Rule 37(a)(5)(A), if a motion to compel disclosures is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Discovery sanctions are appropriate only in "extreme circumstances" and when the violation is due to willfulness, bad faith, or fault of the party.  <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 905 (9th Cir. 2002).

Again, Plaintiff's failure to oppose the motion or communicate with Defendants leaves the Court with no mitigating circumstances to weigh.  Even considering Plaintiff's pro se status, Plaintiff was warned of the consequences of his conduct and failed to respond in any manner. The Court therefore finds that sanctions in the amount of $807.50 are appropriate.  This amount represents 4.75 hours of attorney time at $170.00[3] per hour.  Mr. Goodwin spent 4.75 hours attempting to meet and confer with Plaintiff and in preparing the motion to compel.

## **ORDER**

For the reasons discussed above, Defendants' motion to compel is GRANTED.  IT IS HEREBY ORDERED:

1. Plaintiff SHALL serve his initial disclosures on Defendants within thirty (30) days of the date of this order.  Plaintiff SHALL also file a notice of compliance with the Court within this time confirming that disclosures have been made;

2. Plaintiff SHALL pay sanctions in the amount of $807.50, to Defendants' counsel, within thirty (30) days of the date of service of this order; and

---

[3] $170.00 per hour is the amount set by the July 1, 2013, Administrative Bulletin setting forth rates and fees charged for services provided by the Department of Justice.  Goodwin Decl. ¶, 9, Ex. D.

3.     The deadlines are extended as follows:

      Discovery cut-off:     September 9, 2014

      Dispositive Motions:  November 10, 2014

**Failure to comply with this order WILL result in further sanctions, including the possible dismissal of this action.**

IT IS SO ORDERED.

  Dated:   **June 19, 2014**                            /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE