# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUANE EDWARD BRONSON, | ) | 1:12cv00113 AWI DLB PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF ACTION |
| vs. | ) | |
| | ) | THIRTY-DAY OBJECTION DEADLINE |
| GALLARDO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Duane Edward Bronson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's January 25, 2012, complaint against Defendants Gallardo and Diaz for violation of the Eighth Amendment.

On May 19, 2014, Defendants filed a motion to compel Plaintiff to provide his initial disclosures. Defendants also requested the imposition of sanctions. Plaintiff did not file an opposition and on June 20, 2014, the Court granted Defendants' motion and imposed sanctions. The Court ordered Plaintiff to (1) serve his initial disclosures on Defendants within thirty (30) days of the date of service of the order; (2) file a notice of compliance with the Court within that time frame; and (3) pay sanctions in the amount of $807.50 to Defendants' counsel within thirty (30) days.

Over thirty (30) days have passed and Plaintiff has not complied with the order or otherwise contacted the Court.

## DISCUSSION

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since January 25, 2012, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. Furthermore, Defendants are necessarily prejudiced when an action against them is pending and is not moving forward. Plaintiff has not opposed numerous motions, has not communicated with the Court since March 2013, and has not communicated with Defendants in attempting to resolve the discovery dispute.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. at 1228.

Finally, Plaintiff was warned that dismissal may result if he failed to comply with the order. The order stated, "Failure to comply with this order WILL result in further sanctions, including the possible dismissal of this action."

The Court also notes that dismissal is an appropriate sanction for a discovery violation pursuant to Federal Rule of Civil Procedure 37(b)(2).  The Court recognizes that Plaintiff is representing himself.  However, given that has failed to communicate with this Court and with Defendants' counsel, and has failed to engage in the discovery process, the Court finds that terminating sanctions are warranted.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS DISMISSAL of this action based on Plaintiff's failure to prosecute and failure to engage in the discovery process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to objections, if any, may be filed within fifteen (15) days of the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**July 31, 2014**__              _____ /s/ *Dennis L. Beck*

                                        UNITED STATES MAGISTRATE JUDGE

3